**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

SOUTHERN DISTRICT OF NEW YORK, WHITE PLAINS DIVISION

Case number (if known) _____   Chapter  11

☐ Check if this is an amended filing

Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy         04/25

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | Debtor's name | Dynamic Star LLC |
| 2. | All other names debtor used in the last 8 years<br><br>Include any assumed names, trade names and *doing business as* names | |
| 3. | Debtor's federal Employer Identification Number (EIN) | 82-3112417 |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 23 Hollow Ridge Road | |
| Mount Kisco, NY 10549 | |
| Number, Street, City, State & ZIP Code | P.O. Box, Number, Street, City, State & ZIP Code |
| Westchester<br>County | Location of principal assets, if different from principal place of business |
| | Number, Street, City, State & ZIP Code |

5. Debtor's website (URL)  _____

6. Type of debtor
   ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
   ☐ Partnership (excluding LLP)
   ☐ Other. Specify: _____

Debtor   Dynamic Star LLC _____    Case number (*if known*) _____
         Name

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
☒ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See
http://www.uscourts.gov/four-digit-national-association-naics-codes.
    5313

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7
☐ Chapter 9
☒ Chapter 11. *Check all that apply*:

  ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,424,000 (amount subject to adjustment on 4/01/28 and every 3 years after that).
  ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.
  ☐ A plan is being filed with this petition.
  ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
  ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
  ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

☒ No.
☐ Yes.

District _____ When _____ Case number _____
District _____ When _____ Case number _____

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No
☒ Yes.

List all cases. If more than 1, attach a separate list

Debtor   BB 23 Hollow Ridge Road LLC          Relationship          Affiliate

District   Southern New York     When   4/9/24     Case number, if known   24-22310

Official Form 201       **Voluntary Petition for Non-Individuals Filing for Bankruptcy**       page 2

Debtor   Dynamic Star LLC _____    Case number (*if known*) _____
         Name

**11. Why is the case filed in this district?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
   What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes.  Insurance agency _____
        Contact name _____
        Phone _____

---

### Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

☒ 1-49
☐ 50-99
☐ 100-199
☐ 200-999
☐ 1,000-5,000
☐ 5001-10,000
☐ 10,001-25,000
☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

**15. Estimated Assets**

☐ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million
☐ $1,000,001 - $10 million
☐ $10,000,001 - $50 million
☒ $50,000,001 - $100 million
☐ $100,000,001 - $500 million
☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

**16. Estimated liabilities**

☐ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million
☐ $1,000,001 - $10 million
☐ $10,000,001 - $50 million
☒ $50,000,001 - $100 million
☐ $100,000,001 - $500 million
☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

Debtor  Dynamic Star LLC
        Name

Case number (*if known*)

### Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  December 1, 2025
             MM / DD / YYYY

X /s/ Brad Zackson
  Signature of authorized representative of debtor

Brad Zackson
Printed name

Title  Authorized Signatory

**18. Signature of attorney**

X /s/ Kevin Nash
  Signature of attorney for debtor

Date  December 1, 2025
      MM / DD / YYYY

Kevin Nash
Printed name

Goldberg Weprin Finkel Goldstein LLP
Firm name

125 Park Ave
New York, NY 10017-5690
Number, Street, City, State & ZIP Code

Contact phone _____   Email address  knash@gwfglaw.com

1927656 NY
Bar number and State

```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                                          Chapter 11

Dynamic Star LLC,                                               Case No.

                              Debtor.
------------------------------------------------------------x
In re:                                                          Chapter 11

DS 1 GP Inc.,                                                   Case No.

                              Debtor.
------------------------------------------------------------x
In re:                                                          Chapter 11

Fordham Landing Preferred Sponsor LLC,                          Case No.

                              Debtor.
------------------------------------------------------------x
In re:                                                          Chapter 11

Fordham Landing Preferred LLC,                                  Case No.

                              Debtor.
------------------------------------------------------------x
```

## CONSOLIDATED DECLARATION
## PURSUANT TO LOCAL BANKRUPTCY RULE 1007-2

Brad Zackson declares the following under penalties of perjury pursuant to 28 U.S.C. §1746:

1. I am a partner in certain of the above-captioned entities, and I have been designated as the manager of each of the debtors, Dynamic Star LLC ("Dynamic"), DS 1 GP Inc. ("DS 1"), Fordham Landing Preferred Sponsor LLC ("Fordham Sponsor"), Fordham Landing Preferred LLC ("FLP") (collectively, the "Debtors"), pursuant to the attached resolutions, which were the product of an emergency meeting conducted today at 12:00 noon. As such, I am personally familiar with the facts and circumstances set forth below.

1

2.     I respectfully submit this Consolidated Declaration on behalf of the respective Debtors pursuant to Local Rule 1007-4 to apprise the Court and creditors of the background information and circumstances that have necessitated the commencement of these Chapter 11 cases. This Declaration also addresses the Debtors' exit strategy to emerge from Chapter 11 and, thereby preserve the equity and vast potential of the Debtors' two significant development projects as discussed below, defined as Fordham North and Fordham South (collectively, defined as the "Project").

### Background

3.     The Debtors are each "stock holding companies", owning various equity interests in the Project. Due to certain mortgage and mezzanine loan defaults (secured in part by equity pledges and guarantees), the Debtors are currently subject to imminent non-judicial UCC Article 9 foreclosure sales relating to their membership interests in the Project. Two separate UCC Article 9 foreclosure sales were noticed by CREMAC (a Brooklyn investment firm) or its affiliate for December 2, 2025 beginning at 11:00 a.m.

4.     The prospect of the UCC foreclosure sales presents exigent circumstances necessitating an emergency meeting of members. The respective fee owners of each development Project intend to commence their own respective Chapter 11 cases in the coming days. In the interim, however, the Debtors require immediate relief to prevent foreclosure of their equity interests.

5.     To round out the picture, an entity known as Namdar Fordham South LLC ("Namdar") holds certain preferred Class B interests in DS Fordham Landing 1 LLC and an affiliate of Namdar is an equity interest holder in Fordham Landing Preferred Sponsor LLC (Fordham North) and a member of the management committee of that company. There is

ongoing litigation involving the Debtors and Namdar, based upon alleged violations of fiduciary duty and other wrongdoing emanating out of the contention that Namdar has an undisclosed interest or relationship with the current lender and may be a direct or indirect participant in the subject mortgage and mezzanine loans. At this juncture, Namdar rejected the opportunity to participate in today's emergency meeting pursuant to a defective and unsigned notice without providing an alternative and despite the fact that Namdar is under a duty of good faith and fair dealing with respect to all corporate matters relating to the Project. Namdar is also subject to an Article 9 UCC sale relating to its interests so it will be interesting to see how Namdar responds. Nevertheless, the Debtors do not recognize the Namdar representative's failure to participate as a proper basis to deprive the Debtors of the opportunity to seek Chapter 11 relief.

**The Project**

6. Dynamic and DS 1 collectively own 100% of the Class A membership interests in DS Fordham Landing 1 LLC ("Fordham South"), which in turn owns the development property located at 320 West Fordham Road, Bronx, New York. The other two Debtors, Fordham Sponsor and FLP together own (a) 100% of the membership interests in DS Fordham Landing 2 LLC ("DS Fordham 2") which owns development property located at 2371 Exterior Street, Bronx, New York, (b) 100% of the membership interests in DS Fordham Landing 4 LLC ("DS Fordham 4") which owns development property located at 2391 and 2401 Exterior Street, Bronx, New York, and (c) MDBZJGGS LLC ("MDBZJGGS") which owns a development property located at Landing Road a/k/a 2444 Exterior Street, Bronx, New York (together, the three properties are commonly known as "Fordham North").

7. Fordham North and Fordham South together comprise a project commonly known as Fordham Landing (the "Project") which is being developed to provide the largest new

affordable housing project in the City of New York over the last several decades. The Debtors anticipate gaining wide support from local city and state agencies. In fact, the sum of $55 million was recently committed by New York State for infrastructure relating to the Fordham South project.

8. The Debtors have spent the better part of the last two years in obtaining DEC approval and pursuit of various rezoning approvals for Fordham North to allow construction of approximately 4,000 affordable housing units, with completion targeted in approximately eighteen months' time. The development of Fordham South is more advanced, and the Debtors are working with an affordable housing specialist to build approximately 900 affordable housing units in 2026.

### Exit Strategy

9. Given the premium placed on affordable housing by the Governor and incoming Mayor, the Debtors envision being able to obtain new investors, refinancing or government funding so as to be in a position to retire the outstanding mortgage and mezzanine debt starting in April of next year. The Debtors have targeted April 1, 2026 as the projected closing date to obtain construction funding from the New York City Department of Housing Preservation and Development ("HPD"), which will enable the Debtors to refinance and payoff the outstanding debt on Fordham South. The development of Fordham North is expected to take longer to complete, although the Debtors are confident that once re-zoning approvals are obtained they will be able to promptly attract a new investor group and construction partner to undertake the large scale development. In the years leading up to the commencement of the Chapter 11 cases, the Project underwent several changes and modifications, which limited the Debtors' financing options. However, the Debtors' current business plan to build and develop thousands of

affordable housing units is certainly consistent with the current political climate in the State and City, emphasizing the need for affordability.

### Debt Structure

10. The Project is subject to various mortgage and mezzanine loans. Fordham North is encumbered by a senior mortgage loan in the principal sum of $55 million, plus accrued interest. The loan was originally issued by Signature Bank, and was later acquired by Rialto/Blackstone after Signature Bank failed, and then re-sold to an affiliate of CREMAC, known as Fordham North Preferred Investor LLC. The CREMAC affiliate also holds a $16 million mezzanine loan, plus interest, which is being foreclosed through the pending UCC Article 9 foreclosure sale based upon a pledge of equity.

11. Fordham South is encumbered by a senior mortgage loan in the principal amount of $44.5 million, plus accrued interest, originally issued by Columbia Pacific and then sold to an affiliate of CREMAC, known as Fordham South Lender LLC. This mortgage loan is subject to a pledge of equity to secure a guaranty, which has also been noticed for sale on December 2, 2025.

12. Columbia Pacific also allegedly holds an unrecorded mortgage in the sum of approximately $2 million.

13. The Debtors hereby reserves the right to challenge the lien claims and standing of CREMAC and its affiliates, Fordham North Preferred Investor LLC and Fordham South Lender LLC, with respect to the alleged perfection of their liens and the proper recording of assignment documents in compliance with the requirements of the UCC. Among other things, there are questions concerning (i) treatment of the notes as negotiable instruments; (ii) the lenders' actual possession of the mortgage notes with all required affixed allonges with respect thereto (to the extent the same qualify as negotiable instruments); and (iii) actual possession of membership or

stock certificates required to perfect pledge interests so as to comply with the requirements of Articles 8 and 9 of the UCC.

## Local Rule 1007-2

14. Pursuant to Local Rule 1007-2(a)(2) and (3), no committees were formed prior to the filing of the Petitions.

15. Pursuant to Local Rule 1007-2(a)(4), a consolidated list of the names and addresses of all creditors of the Debtors are being filed herewith. A full set of schedules for each Debtor will be filed within two weeks.

16. Pursuant to Local Rule 1007-2(a)(5), as set forth below, the Debtors' secured creditor is CREMAC or its affiliate which, as noted, holds first mortgage liens against both Fordham North and Fordham South, and a mezzanine lien against the Debtors' membership interests in the fee owners to secure a mezzanine loan and certain guaranties.

17. Pursuant to Local Rule 1007-2(a)(6), a full set of bankruptcy schedules and statements listing all assets and liabilities for each Debtor will be filed within fourteen days.

18. Pursuant to Local Rule 1007-2(a)(7), a statement of the equity interest holders for each Debtor is filed herewith.

19. Pursuant to Local Rule 1007-2(a)(8), no receiver or other custodian has been appointed with respect to any of the Debtors' respective properties.

20. Pursuant to Local Rule 1007-2(a)(9), the Debtors are stock holding companies which own various membership interests in Fordham North and Fordham South, as set forth above.

21. Pursuant to Local Rule 1007-2(a)(10), the Debtors' respective books and records are maintained by me in Westchester County.

22.  Pursuant to Local Rule 1007-2(a)(11), a consolidated schedule of pending lawsuits is attached.

23.  Pursuant to Local Rule 1007-2(a)(11), I am the manager of each of the Debtors and serve in this capacity without compensation.

Dated: New York, NY
December 1, 2025

_____
Brad Zackson

## MINUTES AND COMPANY RESOLUTIONS
## RELATING TO THE COMMENCEMENT OF CHAPTER 11 CASE
## ON BEHALF OF FORDHAM LANDING SOUTH PLEDGORS

**WHEREAS**, on December 1, 2025, a special meeting of (i) Dynamic Star LLC, a New York limited liability company and (ii) DS GP Inc., a New York corporation (collectively, the "Pledgors") was duly called and convened, at which time the Pledgors appeared to consider the filing of a Chapter 11 petition on behalf of the Pledgors; and

**WHEREAS**, the Pledgors are the direct or indirect equity holders DS Fordham Landing 1 LLC, which owns that certain piece of real property located at and commonly known as 320 West Fordham Road, Bronx, New York, commonly referred to as Fordham Landing South (the "Property"); and

**WHEREAS**, the Property is subject to senior mortgage debt held by Fordham South Lender LLC, a New York limited liability company (the "Secured Party") as successor-in-interest to CPIF Lending, LLC, a Washington limited liability company; and

**WHEREAS**, the Secured Party also holds a pledge of the Pledgors Interests (the "Pledged Interests") to secure a senior loan in the principal sum of Forty Four Million and Five Hundred Thousand and 00/100 dollars ($44,500,000), plus alleged interest and fees in the approximate amount of Fifteen Million and Seven Hundred Thousand and 00/100 dollars ($15,700,000) for an alleged aggregate approximate total of Sixty Million and Two Hundred Thousand and 00/100 dollars ($60,2000,000); and

**WHEREAS**, Secured Party has noticed the Pledgors of a non-judicial Article 9 UCC Sale of the Pledged Interests scheduled to take place on December 2, 2025;

**WHEREAS**, Fordham Landing South Realty JJG LLC, an entity owned by Joel Gorjian, a nephew of Igal Namdar which is a Member of Dynamic Star LLC, previously consented on November 28, 2025 to the filing of a Chapter 11 petition on behalf of Dynamic Star LLC; and

**WHEREAS**, Rita's Boy OZ Holdings LLC, a New York limited liability company is the Managing Member of Dynamic Star LLC and Gary Segal is the President of DS 1 GP Inc. and each respectively has the sole authority and responsibility for making all decisions and taking all actions with respect to the management, business and affairs of the Pledgors, including without limitation, the commencement of a bankruptcy case by the Pledgors; and

**WHEREAS**, the Pledgors have considered the considered the prospects for development of the Property, and the recommendation of the Pledgor's advisors with respect to the options available to the Pledgors, including the commencement of a Chapter 11 case under Title 11 of the United States Code (the "Bankruptcy Code") for each Pledgor; and

**NOW, THEREFORE IT IS HEREBY RESOLVED**, that after consideration of the alternatives and the advice of each Pledgor's advisors, each Pledgor has determined in its business judgment that it is in the best interests of the Pledgors, their creditors and equity holders that a

1

voluntary petition be filed by each Pledgor seeking relief under Chapter 11 of the United States Bankruptcy Code, in the United States Bankruptcy Court for the Southern District of New York (the "Petition"), and the filing of such Petition be, and hereby is, authorized in all respects; and it is

**FURTHER RESOLVED**, that Brad Zackson is designated as the day-to-day Manager of each of the Pledgors; and it is

**FURTHER RESOLVED**, that Brad Zackson is authorized (a) to execute the Chapter 11 petition and all other accompanying documents on behalf of the Pledgors, and cause the same to be filed with the Bankruptcy Court; and (b) to negotiate, execute, verify, and file, or cause to be executed, verified, and filed, all necessary documents, including, without limitation, all petitions, affidavits, schedules, statements, lists, motions, applications, pleadings, and other papers or documents necessary or desirable to facilitate a refinancing or joint venture for the development of the Property in the Chapter 11 case pursuant to a plan of reorganization and disclosure statement to be filed, and to take any and all action he deems necessary and proper in connection with the bankruptcy case; and it is

**FURTHER RESOLVED**, that the Pledgors are authorized to retain the law firm of Goldberg Weprin Finkel Goldstein LLP as counsel in the Chapter 11 case under a general retainer.

**IN WITNESS WHEREOF**, the undersigned authorized signatories of the Pledgors hereby consent to and approves and adopts these resolutions as of the date set forth above and direct that this Written Consent be filed with the minutes and official records of each Pledgor.

By:     Dynamic Star
        A Delaware limited liability company
        Its Managing Member

                By:    Rita's Boy OZ Holdings, LLC,
                     a New York limited liability company,
                     its Managing Member

                     By: _____
                     Name: Gary Segal
                     Title: Managing Member

DS I GP Inc.

By: _____
Name: Gary Segal
Title: President

2

**MINUTES AND COMPANY RESOLUTIONS**
**RELATING TO THE COMMENCEMENT OF CHAPTER 11 CASE**
**ON BEHALF OF FORDHAM LANDING NORTH PLEDGORS**

**WHEREAS**, on December 1, 2025, a special emergency meeting of the Management Committee of Fordham Landing Preferred Sponsor LLC, a New York limited liability company (the "Company"), was called and convened, at which time one of two representatives of the Management Committee of the Company appeared to consider the filing of a Chapter 11 petition on behalf of the Company and Fordham Landing Preferred LLC, a Delaware limited liability company ("FLP" and together with the Company, collectively, the "Pledgors"); and

**WHEREAS**, the Pledgors are the direct or indirect equity holders of DS Fordham Landing 2 LLC, which owns the real property at 2371 Exterior Street, Bronx, New York, DS Fordham Landing 4 LLC, which owns the real property located at 2391 & 2401 Exterior Street, Bronx, New York and MDBZJGGS LLC, which owns the real property located at 301 West Fordham Road, Bronx, New York, commonly referred to as Fordham Landing North (collectively, the "Properties");

**WHEREAS**, the Properties are subject to senior mortgage debt held by Fordham Landing North Holdings LLC, (the "Secured Party") as successor-in-interest to SIG CRE 2023 Venture LLC; and

**WHEREAS**, the Secured Party also holds a pledge of the Pledgors Interests (the "Pledged Interests") to secure a personal guaranty of a mezzanine loan in the principal sum of Sixteen Million and One Hundred Thousand and 00/100 dollars ($16,100,000) plus alleged interest and fees in the approximate amount of Four Million and Two Hundred Thousand and 00/100 dollars ($4,200,000) for an alleged aggregate approximate Twenty Million and Two Hundred Thousand and 00/100 dollars ($20,200,000); and

**WHEREAS**, Secured Party has noticed the Pledgors with regard to a non-judicial Article 9 UCC Sale of the Pledged Interests scheduled to take place on December 2, 2025 (the "UCC Sale"); and

**WHEREAS**, pursuant to the terms of the Company's Limited Lability Company Agreement dated as of August 8, 2022 (as amended, the "Agreement"), the Management Committee needs to approve certain major actions of the Pledgors, including without limitation, the commencement of a bankruptcy case by the Pledgors, with each Member subject to a duty of good faith and fair dealing; and

**WHEREAS**, on November 26, 2025 Gary Segal, the Dynamic Star Representative of the Management Committee called an emergency meeting of the Management Committee for the purposes of considering the commencement of a Chapter 11 case under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"); and

**WHEREAS**, on December 1, 2025, the Namdar Member declined to appear and instead had its attorney issue an otherwise defective and unsigned notice rejecting the scheduled meeting of the Management Committee;

**WHEREAS**, due to the exigent circumstances of the impending UCC Sale and the fact that the Namdar Member (i) is subject to a duty of good faith and fair dealing, (ii) did not propose any solution or other course of action with regard to the UCC Sale, and (iii) provided defective and unsigned notice of its intent not to participate in the Management Committee meeting, which such notice was defective because it was not signed by the Namdar Member, the Management Committee meeting took place as scheduled without the participation of the Namdar Representative;

1

**WHEREAS**, the future prospects for the development of the Properties are also inextricably linked with that certain affiliated development of real property located at 320 West Fordham Road, Bronx, New York ("Fordham Landing South") whose direct or indirect equity holders are also commencing related cases seeking relief under Chapter 11 of the United States Bankruptcy Code, with the full consent of all of the Members thereof, including Fordham Landing South Realty JJG LLC, an entity owned by the nephew of the Namdar Representative;

**NOW, THEREFORE IT IS HEREBY RESOLVED**, that after consideration of the alternatives and the advice of the Company's advisors, it has been determined that it is in the best interests of the Pledgors, their creditors and equity holders that a voluntary petition be filed by each Pledgor seeking relief under Chapter 11 of the United States Bankruptcy Code, in the United States Bankruptcy Court for the Southern District of New York (the "Petition"), and the filing of such Petition be, and hereby is, authorized in all respects; and it is

**FURTHER RESOLVED**, that Brad Zackson is designated as the day-to-day Manager of the Pledgors; and it is

**FURTHER RESOLVED**, that Brad Zackson is authorized (a) to execute the Chapter 11 petition and all other accompanying documents on behalf of each of the Pledgors, and cause the same to be filed with the Bankruptcy Court; and (b) to negotiate, execute, verify, and file, or cause to be executed, verified, and filed, all necessary documents, including, without limitation, all petitions, affidavits, schedules, statements, lists, motions, applications, pleadings, and other papers or documents necessary or desirable to facilitate a refinancing or joint venture for the development of the Property in the Chapter 11 case pursuant to a plan of reorganization and disclosure statement to be filed, and to take any and all action he deems necessary and proper in connection with the bankruptcy case; and it is

**FURTHER RESOLVED**, that the Pledgors are authorized to retain the law firm of Goldberg Weprin Finkel Goldstein LLP as counsel in the Chapter 11 case under a general retainer.

**IN WITNESS WHEREOF**, the undersigned Management Committee Representative hereby consents to and approves and adopts these resolutions as of the date set forth above and directs that this Written Consent be filed with the minutes and official records of each Pledgor.

Fordham Landing Preferred Sponsor LLC, Management Committee

By: _____
Name: Gary Segal
Title: Management Committee Representative

2

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                                              Chapter 11

Dynamic Star LLC,                                                   Case No.

                              Debtor.
------------------------------------------------------------x
In re:                                                              Chapter 11

DS 1 GP Inc.,                                                       Case No.

                              Debtor.
------------------------------------------------------------x
In re:                                                              Chapter 11

Fordham Landing Preferred Sponsor LLC,                              Case No.

                              Debtor.
------------------------------------------------------------x
In re:                                                              Chapter 11

Fordham Landing Preferred LLC,                                      Case No.

                              Debtor.
------------------------------------------------------------x

## CONSOLIDATED LIST OF PENDING LITIGATION

1. Tishman Construction Corporation of New York v. Dynamic Star LLC et al.
   Supreme Court of the State of New York, Bronx County
   Index No. 817111/2025E
   Mechanic's Lien

   Attorney for the Plaintiff:
   Ira M. Schulman, Esq.
   Sheppard, Mullin Richter & Hampton LLP
   30 Rockefeller Plaza, 39th Floor
   New York, NY 10112

2. Tyrone Blake Sr. v. MDBZJGGS LLC, Dynamic Star LLC et al.
   Supreme Court of the State of New York, Bronx County
   Index No. 809043/2023E
   Tort

Attorney for the Plaintiff:
Howard Schatz, Esq.
Silbowitz, Garafola et al.
55 Water Mill Lane, Suite 400
Great Neck, NY 11021

3. Fordham South Lender LLC v. Dynamic Star LLC and DS 1 GP Inc.
Non-judicial U.C.C. Article 9 foreclosure

Attorney for the Plaintiff:
c/o Michael Barrie, Esq.
Benesch Friedlander Coplan & Aronoff LLP
1155 Avenue of the Americas, 26th Floor
New York, NY 10036

4. Fordham North Preferred Investor LLC v. Fordham Landing Preferred Sponsor LLC and Fordham Landing Preferred LLC
Non-judicial U.C.C. Article 9 foreclosure

Attorney for the Plaintiff:
c/o Michael Barrie, Esq.
Benesch Friedlander Coplan & Aronoff LLP
1155 Avenue of the Americas, 26th Floor
New York, NY 10036

Dated: New York, NY
December 1, 2025

Dynamic Star LLC, DS 1 GP Inc., Fordham Landing Preferred Sponsor LLC and Fordham Landing Preferred LLC

By:  /s/ Brad Zackson
     Name: Brad Zackson
     Title: Authorized Signatory