**Benesch**

Abbey Walsh
1155 Avenue of the Americas, Floor 26
New York, New York 10036
Direct Dial: 646.777.0053
Fax: 646.755.3397
abbey.walsh@beneschlaw.com

January 21, 2026

*Via ECF Filing and Email*
Hon. Sean H. Lane
U.S. Bankruptcy Court
300 Quarropas Street
White Plains, NY 10601-4140

      Re:    Opposition to Request for Adjournment of Hearing on Motions to Dismiss in Case Nos. 25-23154, 25-23155, 25-23156, 25-23157

Dear Judge Lane:

      My firm represents (i) Fordham North Preferred Investor LLC ("Fordham Preferred"), the beneficiary under a pledge agreement executed by Fordham Landing Preferred LLC and Fordham Landing Preferred Sponsor LLC (together the "Fordham North Debtors") and (ii) Fordham South Lender LLC ("Fordham South Lender" and together with Fordham Preferred, the "Movants"), the beneficiary under certain pledge agreements executed by Dynamic Star LLC and DS 1 GP Inc. (together, the "Fordham South Debtors" and together with the Fordham North Debtors, the "Debtors"). Fordham Preferred has moved to dismiss the Fordham North Debtors' chapter 11 cases [Case No. 25-23156, Dkt. No. 9; Case No. 25-23157; Dkt. No. 6] and Fordham South Lender has moved to dismiss the Fordham South Debtors' chapter 11 cases [Case No. 25-23154, Dkt. No. 6; Case No. 25-23155; Dkt. No. 6] (collectively, the "Motions to Dismiss"). The Motions to Dismiss are scheduled to be heard on January 27, 2026, with objections due yesterday, January 20, 2026.

      Yesterday, counsel for the Debtors requested that my clients agree to a two-week adjournment of the hearing on the Motions to Dismiss. For various reasons, my clients denied the request and expressed their intention to move forward with the Motions to Dismiss as scheduled on January 27th. The Namdar parties similarly denied the Debtors' request to adjourn their motion to dismiss the Fordham Landing Preferred Sponsor chapter 11 case, which is also scheduled to be heard on January 27th.

      Undeterred, the Debtors then appealed to the Court for an adjournment ("Adjournment Request"). *See* Case No. 25-23154, Dkt. No. 8.[1] However, under Section 1112(b)(3) of the Bankruptcy Code, this request cannot be granted without agreement of the Movants:

> The court shall commence the hearing on a motion under this subsection not later than 30 days after filing of the motion, and shall decide the motion not later than 15 days after

---

[1] The same letter was docketed in all four cases.

Hon. Sean H. Lane
January 21, 2026
Page 2

> commencement of such hearing, unless the movant expressly consents to a continuance for a specific period of time or compelling circumstances prevent the court from meeting the time limits established by this paragraph.

11 U.S.C. § 1112(b)(3). Debtors' letter to the Court does not address this requirement at all because it prevents any adjournment without the Movants' consent, which the Debtors admit they do not have.

Fordham Preferred filed the Motion to Dismiss the Fordham North Debtors' chapter 11 cases on December 23, 2025. The motion was originally scheduled to be heard on January 15, 2026 and was adjourned, with Fordham Preferred's consent, to January 27, 2026 at the Court's request. The requested two-week adjournment, which would cause the hearing date to be more than 30 days after the motion was filed, cannot be granted without Fordham Preferred's consent, which it does not give.

Fordham South Lender filed the Motion to Dismiss the Fordham South Debtors' chapter 11 cases on December 30, 2025 and it was calendared for hearing on January 27, 2026. The requested two-week adjournment, which would cause the hearing date to be more than 30 days after the motion was filed, cannot be granted without Fordham South Lender's consent, which it does not give.

Section 1112(b)(3)'s requirement that the movant consent to the hearing on a motion to dismiss being held more than 30 days after the motion is filed serves a valid purpose – it ensures that a Debtor cannot prolong its time in bankruptcy by preventing a motion to dismiss from being heard on a timely basis. This is exactly what the Debtors are trying to do here. And, even if the Debtors' contention in the Adjournment Request that "there is no prejudice by a relatively short adjournment" were relevant under Section 1112(b)(3), the statement is patently untrue as set forth below and in the Motions to Dismiss.

Each of the Debtors filed its chapter 11 case on December 1, 2025 (the "Petition Date"), on the night before each Debtor's sole asset was to be auctioned off by the Movants in a UCC foreclosure sale. Since the Petition Date, the Debtors have used the automatic stay to prevent the foreclosure sales from being consummated without seeking any relief from this Court. They have not even filed a motion for joint administration. In the meantime, the Movants are suffering the costs and expenses of defending against these improperly filed chapter 11 cases and the costs associated with the delay in their ability to consummate the pending foreclosure sales, which accrue by the day. Furthermore, the Movants expect that any delay in the hearing on the Motions to Dismiss would result in the Debtors continuing to flout their reporting obligations under the Bankruptcy Code for even longer than they have already, which also prejudices the Movants by denying them access to information required to be disclosed under the Bankruptcy Code and Bankruptcy Rules.

The Debtors clearly filed for bankruptcy in bad faith solely to gain the benefit of the automatic stay and are seeking to forestall the hearing on the motions to dismiss for as long as possible, because that should end their bad faith and improper bankruptcy filings. The fact that the Debtors' cases serve no legitimate restructuring purpose is further evidenced by the fact that

during the almost two months that the Debtors have been in bankruptcy, they have not bothered to satisfy any of their requirements as chapter 11 debtors. For instance, none of the Debtors has filed schedules of assets and liabilities or statements of financial affairs.[2] Nor has any of the Debtors filed a monthly operating report, the first of which was due yesterday, January 20, 2026. These failures not only evidence the Debtors' bad faith; they are cause for dismissal on their own.

Curiously, the Debtors did not file an objection to the Motions to Dismiss, which was due yesterday. The Adjournment Request states that they will file their opposition "one week in advance of the new hearing date", but this assumes that the Adjournment Request would be granted, which it cannot be. It further assumes that an extension of the objection deadline would be appropriate, even if the hearing date could be adjourned, which it would not be. In any event, the Debtors did not request an extension of the objection deadline from the Movants, and therefore, the time for the Debtors to object to the Motions to Dismiss has expired. The Debtors disregard for deadlines and the Bankruptcy Code's requirements should not be excused by this Court.

For all of the foregoing reasons, the Movants respectfully submit that the Adjournment Request must be denied.

Respectfully,

BENESCH, FRIEDLANDER,
 COPLAN & ARONOFF LLP

*/s/ Abbey Walsh*

Abbey Walsh

---

[2] The Debtors' Section 341 meeting had to be adjourned due to the Debtors' failure to comply with their reporting requirements.

28138253 v1